UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY MUTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-8077** |
| **W.S. McCAIN, WARDEN** | **SECTION: "H"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Tommy Mutin, is a state prisoner incarcerated at the Winn Correctional Center in Winnfield, Louisiana. On October 7, 2010, he pleaded guilty to forcible rape and second degree kidnapping under Louisiana law and was sentenced on each count to a concurrent term of eighteen years imprisonment without benefit of probation, parole, or suspension of sentence.[1] He did not appeal.

---

[1] State Rec., Vol. 1 of 2, transcript of October 7, 2010; State Rec., Vol. 1 of 2, minute entry dated October 7, 2010; State Rec., Vol. 1 of 2, guilty plea form.

On July 26, 2012, petitioner filed an application for post-conviction relief with the state district court.[2] That application was denied on August 7, 2012.[3] His related writ application was then likewise denied by the Louisiana Fourth Circuit Court of Appeal on August 23, 2012.[4]

On September 14, 2012, petitioner filed a motion for an out-of-time appeal with the state district court.[5] That motion was denied on September 19, 2012.[6] On October 29, 2012, the Louisiana Fourth Circuit Court of Appeal then denied his related writ application.[7]

On November 7, 2012, petitioner filed another post-conviction application with the state district court.[8] On November 14, 2012, the court refused to consider that application on the basis that it was untimely.[9] However, on January 25, 2013, the Louisiana Fourth Circuit Court of Appeal granted petitioner's related writ application in part and remanded the matter to the district court to consider the application on the merits.[10] On June 21, 2013, the district court denied relief.[11] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on November 5, 2013,[12] and by the Louisiana Supreme Court on August 25, 2014.[13]

---

[2] State Rec., Vol. 2 of 2. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.

[3] State Rec., Vol. 2 of 2, Judgment dated August 7, 2012.

[4] State v. Mutin, No. 2012-K-1220 (La. App. 4th Cir. Aug. 23, 2012); State Rec., Vol. 2 of 2.

[5] State Rec., Vol. 2 of 2.

[6] State Rec., Vol. 2 of 2, Judgment dated September 19, 2012.

[7] State v. Mutrin [sic], No. 2012-K-1447 (La. App. 4th Cir. October 29, 2012); State Rec., Vol. 2 of 2.

[8] State Rec., Vol. 2 of 2.

[9] State Rec., Vol. 2 of 2, Judgment dated November 14, 2012.

[10] State v. Mutin, No. 2013-K-0052 (La. App. 4th Cir. Jan. 25, 2013); State Rec., Vol. 2 of 2.

[11] State Rec., Vol. 2 of 2, Judgment dated June 21, 2013.

[12] State v. Mutin, No. 2013-K-1363 (La. App. 4th Cir. Nov. 5, 2013); State Rec., Vol. 2 of 2.

[13] State ex rel. Mutin v. State, 147 So.3d 695 (La. 2014); State Rec., Vol. 2 of 2.

On or after May 27, 2016, petitioner filed the instant federal application seeking habeas corpus relief.[14]  The state has filed an answer arguing that petitioner's federal application is untimely.[15]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[16]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on October 7, 2010.  Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence

---

[14] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his application on May 27, 2016; therefore, that is the earliest date it could have been delivered to prison officials for mailing.

[15] Rec. Doc. 15.

[16] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

became final no later than November 8, 2010.[17] Accordingly, his period for filing his federal application for habeas corpus relief commenced on that date and then expired one year later on November 8, 2011, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[18] Therefore, he clearly is not entitled to statutory tolling.[19]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's

---

[17] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914. Because the thirtieth day here fell on a Saturday, petitioner had until Monday, November 8, 2010, to file an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[18] Petitioner's only state court filings during that period were motions seeking transcripts and other documents. However, such motions are not considered an applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[19] Although he subsequently sought post-conviction relief in the state courts, applications or motions filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court expressly cautioned: "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Therefore, a petitioner faces a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324 (emphasis added).

During the plea colloquy, the prosecutor offered the factual basis for the instant charges. She stated that after the victim left a friend's house, petitioner pulled her hair and punched her in the head and face from behind. As the victim attempted to flee, petitioner caught her, pulled her

onto a porch, hit her on the head, and forced sex upon her.  The police arrived, and petitioner stated that they were not needed because the victim had simply hit her head.  The victim told the police that she did not know petitioner and that he was trying to rape her.[20]  Although petitioner stated that he did not in fact commit the alleged crimes, he nevertheless entered a "best interest" plea to resolve the matter.[21]

In his federal application, petitioner continues to allege that the victim had simply fallen and he was attempting to assist her.[22]  However, he has submitted no new evidence in support of his allegations, much less any evidence of the type or caliber referenced in Schlup.  Although he has provided a copy of New Orleans Police Department Crime Laboratory Report dated July 19, 2009, showing that four oral swabs collected from the victim were "negative for the presence of seminal fluid and spermatozoa,"[23] that report is in no way indicative of petitioner's purported innocence.  In connection with petitioner's post-conviction application, the state district court noted that "the only allegation by the State in this case was that of forced oral intercourse" and that "the State maintains the perpetrator did not ejaculate."[24]

In summary, petitioner has offered only his self-serving allegations of innocence, unsupported by any colorable evidence of such innocence.  That does not suffice.  See, e.g., Cox v. North Carolina, No. 5:14-HC-2141, 2015 WL 4562265, at *4 (E.D.N.C. July 28, 2015), appeal dismissed, 633 Fed. App'x 154 (4th Cir. 2016).  Accordingly, he has not met "the threshold requirement" for McQuiggin to apply.  McQuiggin, 133 S. Ct. at 1928.  As a result, the "actual innocence" exception does not aid him.

---

[20] State Rec., Vol. 1 of 2, transcript of October 7, 2010, p. 9.
[21] A "'best interest' or Alford plea is derived from North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, whereby the defendant pleads guilty while maintaining his innocence."  Bass v. Morgan, 653 Fed. App'x 299, 302 (5th Cir. 2016).
[22] Rec. Doc. 3, p. 16.
[23] Rec. Doc. 3-2, p. 30.
[24] State Rec., Vol. 2 of 2, Judgment dated June 21, 2013.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than November 8, 2011, in order to be timely. Because his federal application was not filed until on or after May 27, 2016, it is untimely and should be dismissed on that basis.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Tommy Mutin be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this twenty-fifth day of January, 2017.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.